UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-30114
Summary Calendar

LLOYD JOHNSON, JR.,

Petitioner-Appellant,

versus

C. MARTIN LENSING, Warden,
ET AL.,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(94 CV 2775)

August 30, 1995

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

I.   FACTS AND PROCEDURAL HISTORY

Lloyd Johnson, Jr., was convicted for attempted first-degree murder and is serving a 50-year term of imprisonment in the custody of the Louisiana Department of Corrections. State v. Johnson, 612 So.2d 828, 829 (La.Ct.App. 1992), writ denied, 616 So.2d 680 (La. 1993). Johnson appeals the dismissal of his federal petition for a writ of habeas corpus, arguing that he was insane at the time of the offense. Finding no error, we affirm.

---

[*] Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

                    II. ANALYSIS

     Johnson contends that he was insane, thus lacking the
specific criminal intent for first degree murder.  Johnson frames
his issue as a challenge to the sufficiency of the evidence.  The
standard for testing the sufficiency of the evidence in a federal
habeas review of a state court conviction is whether, "after
viewing the evidence in the light most favorable to the
prosecution, <u>any</u> rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."
<u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in
opinion).  This standard must be applied with reference to the
substantive elements of the criminal offense as defined by state
law.  <u>Isham v. Collins</u>, 905 F.2d 67, 69 (5th Cir. 1990).

     In Louisiana, a defendant is presumed sane at the time of
the offense, the state is not required to prove sanity.  La. Rev.
Stat. Ann. 15:432 (West 1992); <u>State v. Weber</u>, 364 So.2d 952, 956
(La. 1978).  A defendant who wishes to negate the presumption
must prove his insanity by a preponderance of the evidence.  La.
Code Crim. Pro. art. 652 (West 1981); <u>State v. Claibon</u>, 395 So.2d
770, 772 & n.2 (La. 1981).  To be exempt from criminal
responsibility on the ground of insanity, a defendant must
persuade the jury that he had a mental disease or defect which
rendered him incapable of distinguishing right from wrong in
regard to the conduct which forms the basis for the criminal
charge against him.  La. Rev. Stat. Ann. 14:14 (West 1986); <u>State
v. Roy</u>, 395 So.2d 664, 665-66 (La. 1981).  Therefore, the issue
cannot be a challenge to the sufficiency of the evidence because

Johnson's sanity was presumed and not an element of the offense. Insofar as his argument is a challenge to the weight of the evidence of sanity/insanity, it is not of constitutional dimension and is not cognizable in a habeas proceeding. Cf. Parker v. Estelle, 498 F.2d 625, 628 (5th Cir. 1974), cert. denied, 421 U.S. 963 (1975) (right to submit issue of sanity not of constitutional magnitude but simply created by state statute).

Johnson argues that the state statute, which required him to prove his insanity by a preponderance of the evidence, unconstitutionally relieved the state of its burden of proving criminal intent. The Supreme Court has consistently held to the contrary. Leland v. Oregon, 343 U.S. 790, 796-99 (1952) (upholding similar statute which required proof of insanity beyond a reasonable doubt against due process challenge); see also Walton v. Arizona, 497 U.S. 639, 650 (1990) ("So long as a State's method of allocating the burdens of proof does not lessen the State's burden to prove every element of the offense charged . . . a defendant's constitutional rights are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency."). Louisiana's allocation of the burden of proof on the insanity defense does not lessen the burden on the state to prove criminal intent.

CONCLUSION

For the above stated reasons, the district court's judgment is AFFIRMED.